## ATTACHMENT A:
## STIPULATED FACTS

*The parties hereby stipulate and agree that if this case proceeded to trial, the Government would have proven the following facts beyond a reasonable doubt. The parties agree that the following facts do not encompass all of the facts that would have been proven had this matter proceeded to trial.*

Beginning no later than in or about November 2015, and continuing through on or about December 9, 2015, in the District of Maryland and elsewhere, the Defendant, **BLANCA MIRRIAM SANCHEZ RIVERA**, a/k/a "La Cincuentona," ("**SANCHEZ RIVERA**"), prostituted a 15-year old female ("Victim 1"). **SANCHEZ RIVERA** was known as "La Cincuentona" (or "the fifty girl") because **SANCHEZ-RIVERA** typically charged adult male clients $50 to have sexual intercourse with her.

In November 2015, **SANCHEZ RIVERA** recruited Victim 1 to engage in prostitution under the direction of **SANCHEZ RIVERA**. **SANCHEZ RIVERA** knew that Victim 1 was 15 years old. From November 2015 through December 9, 2015, while Victim 1 was under the age of 18-years old, Victim 1 engaged in commercial sex acts arranged by **SANCHEZ RIVERA** and at the direction of **SANCHEZ RIVERA** in Maryland and Virginia.

**SANCHEZ RIVERA** used her cellular telephone and applications thereon, such as "WhatsApp," to communicate with adult male clients and potential clients and arrange "dates" for Victim 1 to engage in commercial sex acts with adult males. **SANCHEZ RIVERA** transported Victim 1 to residences in Maryland for the purpose of having Victim 1 engage in commercial sex acts. **SANCHEZ RIVERA** also arranged a "date" for Victim 1, whereby Victim 1 was transported to Virginia for the purpose of having Victim 1 engage in commercial sex acts.

**SANCHEZ RIVERA** told adult male clients that Victim 1 was 15 years old and typically charged between $100 and $150 for Victim 1 to engage in commercial sex acts with adult male clients. After each "date," **SANCHEZ RIVERA** received the prostitution proceeds. **SANCHEZ RIVERA** did not allow Victim 1 to retain any of the prostitution proceeds. **SANCHEZ RIVERA** used part of the prostitution proceeds to pay rent for the room **SANCHEZ RIVERA** was subleasing from Witness 1, which is where **SANCHEZ RIVERA** lived along with Victim 1 beginning in early November 2015. In addition, **SANCHEZ RIVERA** purchased condoms, food, clothing, toiletries, and other necessities for Victim 1. Victim 1 was in the custody, care, or supervisory control of **SANCHEZ RIVERA**.

**SANCHEZ RIVERA**'s criminal conduct affected interstate commerce. In particular, **SANCHEZ RIVERA**'s use of a cellular telephone and applications thereon, such as "WhatsApp," to facilitate prostitution activities was in or affecting interstate commerce.

\* \* \*

I have read this statement of facts and carefully reviewed it with my attorney. I acknowledge that it is true and correct.

12/2/16
Date

*BMS*
Blanca Mirriam Sanchez Rivera

I am the attorney for the Defendant, Blanca Mirriam Sanchez Rivera. I have carefully reviewed the statement of facts with her.

12/2/16
Date

*John Chamble*
John Chamble, Esq.

10